UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-23446-CIV-GAYLES/GOODMAN

PATRICK COMACK,

    Plaintiff,

v.

UNIVERSITY OF MIAMI, et al.,

    Defendants.

_____/

## ORDER ON PLAINTIFF'S RECUSAL MOTION AND ORDER OF REASSIGNMENT

Plaintiff, Patrick Comack, proceeding *pro se*[1] filed a Motion to Recuse/Disqualify Magistrate Judge Goodman from this case. [ECF No. 8 ("the motion")]. United States

---

[1] "This Court is required to construe *pro se* filings liberally." *Stroud v. Bank of Am.*, No. 11-22489-CIV, 2012 WL 3150054, at *1 (S.D. Fla. Aug. 1, 2012) (quoting *Moghaddam-Trimble v. S. Fla. Water Mgmt. Dist.*, 479 F. App'x 311, 312 n.2 (11th Cir. 2012)); *see also, Retie v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) (explaining that federal courts may liberally construe *pro se* filings "in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"). Liberal construction, however, does not mean that the Court will rewrite a filing on behalf of a *pro se* litigant. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019). In addition, the Court does not immunize a litigant from complying with applicable laws and rules merely because he is operating on a *pro se* basis. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders.").

District Judge Darrin P. Gayles referred this motion to me for a ruling. [ECF No. 13]. The Undersigned has reviewed the motion and **grants** Plaintiff's request.

Plaintiff's motion correctly stated that I am a University of Miami alumni. In addition to being an alumni, I am also an adjunct instructor at the University of Miami law school, in its litigation skills program.

Therefore, the Undersigned, to whom matters and motions in the above-styled case have been referred, recuses himself and refers the case to the Clerk of Court for reassignment pursuant to 28 U.S.C. § 455(a); the Court's Internal Operating Procedure, IOP 2.16.00; and Administrative Order 2022-6.

**DONE AND ORDERED** in Chambers, Miami, Florida, on October 4, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

In accordance with the Local Rules and Administrative Orders for the Southern District of Florida, this cause will be reassigned to the calendar of United States Magistrate Judge _____.

Copies of this Order shall be served on all pending parties of record by notice of electronic filing and/or United States mail. All documents for filing in this case shall carry the following case number and designation: _____.

BY ORDER OF the Court on _____, 2024, Miami, Florida.

ANGELA E. NOBLE
Clerk of Court

By: _____
Deputy Clerk

**Copies furnished to:**
The Honorable Darrin P. Gayles
Patrick Comack, *pro se*
All Counsel of Record