UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-23446-GAYLES/LETT

PATRICK COMACK,

    Plaintiff,

v.

UNIVERSITY OF MIAMI, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (the "Motion"). [ECF No. 10]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED**.

**I.   BACKGROUND**[1]

On November 25, 2013, Plaintiff Patrick Comack ("Plaintiff") visited Defendant Andres M. Kanner, MD ("Dr. Kanner"), a neurologist at Defendant University of Miami ("UM"). Plaintiff complained of brain damage and difficulty with decision making which he believed were caused by his medications, Lamictal and lithium. Dr. Kanner denied that Lamictal could cause brain damage and ordered blood tests. The results of Plaintiff's blood work demonstrated irregularities indicative of pernicious anemia, an autoimmune condition that can cause dementia.

At Dr. Kanner's direction, a neuropsychologist, Defendant Bonnie E. Levin, PhD ("Dr. Levin"), evaluated Plaintiff. In her neuropsychological report (the "Report"), Dr. Levin states that Plaintiff had severely impaired cognitive functioning in some areas and suffered from depression and anxiety. Plaintiff contends that his cognitive impairments and blood work proved that he had pernicious

---

[1] As the Court proceeds on a motion to dismiss, it accepts the allegations in Plaintiff's Complaint as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam).

anemia. Plaintiff states that Dr. Kanner, UM, and Dr. Levin (collectively "Defendants") did not diagnose him with the condition because of their financial and research conflicts of interest with the manufacturers of Lamictal and lithium. In January 2016, Plaintiff was diagnosed with pernicious anemia by different doctors.

After Plaintiff's diagnosis, he filed an application with the Social Security Administration ("SSA") for Supplemental Security Income benefits ("SSI"). In conjunction with Plaintiff's SSI application, UM provided Plaintiff's medical records to the SSA. Plaintiff claims that UM provided falsified medical records and failed to include Dr. Levin's Report detailing Plaintiff's cognitive impairments. Plaintiff alleges Defendants did this to "cover up their medical conflicts of interest" and Plaintiff's brain damage. [ECF No. 1 ¶ 71]. Plaintiff states that the falsified medical records caused his SSI case to be delayed and ultimately denied in 2022.

On September 6, 2024, Plaintiff filed his Complaint against Defendants, alleging claims for violations of 18 U.S.C. § 1519 for "Records Concealment in a Federal Investigation" (Count I), 18 U.S.C. § 1519 for "Records Falsification in a Federal Investigation" (Count II), 18 U.S.C. § 1512 for "Tampering in a Federal Investigation" (Count III), 18 U.S.C. § 1343 for "Wire Fraud in a Federal Investigation" (Count IV), and 18 U.S.C. § 1519 for "Records Cover-up in a Federal Investigation" (Count V). [ECF No. 1]. On October 3, 2024, Defendants moved to dismiss the Complaint because (1) the criminal statutes cited by Plaintiff do not afford private causes of action; (2) to the extent Plaintiff's claims sound in medical negligence, Plaintiff failed to comply with pre-suit requirements; and (3) it is a shotgun pleading. [ECF No. 10].

## II.    LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam), "conclusory allegations . . . are not entitled to an assumption of truth — legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010).

"[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the Plaintiff. *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

### III.   ANALYSIS

The Complaint sets forth five claims related to Defendants' alleged falsification of Plaintiff's medical records and their failure to submit Dr. Levin's report. Plaintiff's claims are based on criminal statutes that penalize records concealment, falsification, and tampering in federal investigations. *See* 18 U.S.C. §§ 1519 (Counts I, II, and V), 1512 (Counts III), and 1343 (Count IV).

"Criminal statutes generally do not provide a private cause of action." *Chen ex rel. V.D. v. Lester*, 364 F. App'x 531, 536 (11th Cir. 2010). In addition, a "plaintiff may not bring a civil cause of action based on a federal criminal statute unless there is clear evidence of Congress's intent to create a [private right] of action." *Collins v. Bates*, No. 17-14559-G, 2018 WL 5090845, at *7 (11th Cir. May 10, 2018) (internal quotation omitted). Here, Plaintiff's claims are based on criminal statutes that do not afford private causes of actions for alleged violations. *See Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) (affirming district court's finding that 18 U.S.C. § 1519 does not afford a private cause of action and district court's dismissal of the case for failure to state a claim); *Muhammad v. Bethel-Muhammad*, No. CIV.A. 11-0690-WS-B, 2013 WL 5531397, at *4 (S.D. Ala. Oct. 7, 2013)

("Section 1512 does not provide a private cause of action."); *Austin v. Glob. Connection*, 303 F. App'x 750, 752 (11th Cir. 2008) ("The federal wire and mail fraud statutes [18 U.S.C. §§ 1341, 1343,] are criminal statutes which do not provide for civil remedies."). As a result, Plaintiff's claims must be dismissed for failure to state a claim.[2]

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion [ECF No. 10], is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED** without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of October, 2025.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] The Court finds that the Complaint must also be dismissed as a shotgun pleading. Counts II–V improperly incorporate all preceding paragraphs [ECF No. 1 ¶¶ 90, 108, 129, 151]. *Keith v. DeKalb Cnty., Georgia*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential "shotgun" pleading—the sort of pleading we have been roundly condemning for 30 years."). Because the Court dismisses Plaintiff's Complaint for failure to state a claim and for being a shotgun pleading, the Court does not reach Defendants' remaining argument that the Complaint should be dismissed for failure to follow pre-suit procedures for a medical negligence claim.